## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-19-832-SM |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

John Pruitt (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 9, 12.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the ALJ "improperly dismissed [Plaintiff's] credibility, in part due to his failure to seek medical treatment" and also in overstating his activities of daily living. Doc. 14, at 3-10.[1] After a careful review of the record (AR), the parties' briefs, and the

---

[1] Despite Plaintiff's arguments focused on credibility, the SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy" and "clarif[ied] that subjective symptom evaluation is not an examination of

relevant authority, the Court affirms the Commissioner's decision.  *See* 42

U.S.C. § 405(g).[2]

## I.    Administrative determination.

### A.    Disability standard.

The Social Security Act defines "disability" as the "inability to engage in

any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less

than 12 months."   42 U.S.C. § 423(d)(1)(A).   "This twelve-month duration

requirement applies to the claimant's inability to engage in any substantial

gainful activity, and not just [the claimant's] underlying impairment." *Lax v.

Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535

U.S. 212, 218-19 (2002)).

### B.    Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king]

a prima facie showing that he can no longer engage in his prior work activity."

---

an individual's character."  SSR 16-3p, 2017 WL 5180304, at *2.  Even so, this
evaluation remains "the province of the finder of fact." *See Arterberry v.
Berryhill*, No. 17-7068, 743 F. App'x 227, 231 & n.3 (10th Cir. 2018).

[2]    Citations to the parties' pleadings and attached exhibits will refer to this
Court's CM/ECF pagination.  Citations to the AR will refer to its original
pagination.

*Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C.   Relevant findings.

#### 1.   Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled.  AR 26-34; *see* 20 C.F.R. § 404.1520(a)(4);[3] *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process).  The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since February 17, 2016, the alleged onset date;

(2)   had the following severe impairments: morbid obesity; back disorder status post surgical repair; hypertension; left foot disorder; dysthymic disorder, and schizophrenia;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

---

[3]   Plaintiff states he applied for Disability Insurance Benefits.  Doc. 14, at 1.  The record shows he applied for Social Security Income, not Disability Insurance Benefits.  AR 80, 93, 228.

(4)     had the residual functional capacity[4] to lift and carry 20 pounds occasionally and 10 pounds frequently; can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday; can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; can understand, remember, and carry out simple, routine, and repetitive tasks; can relate to supervisors and co-workers on a superficial work basis; can have occasional contact with the general public and can adapt to a work situation;

(5)     was unable to perform any past relevant work;

(6)     can perform jobs that exist in significant numbers in the national economy, namely, machine feeder, film touch-up screener, and sorter; and thus

(7)     had not been under a disability from February 17, 2016, the application date, through March 15, 2018.

*See* AR 26-34.

## 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council granted Plaintiff's request for review. *Id.* at 4. After considering Plaintiff's additional statement, the request for review, notice of proposed action, and the supplemental exhibits, the Council adopted the ALJ's "statements regarding the pertinent provisions of the Social Security Act, Social Security Regulations, Social

---

[4]     Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

Security Rulings, and Acquiescence Rulings, the issues in the case, and the evidentiary facts . . . ." *Id.* The Council also adopted the ALJ's "findings or conclusion regarding whether [Plaintiff] is disabled. *Id.* This decision is the final decision for judicial review.[5]

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither

---

[5]    Neither Plaintiff nor Defendant recognized the Appeals Council granted review. Doc. 14, at 2; Doc. 20, at 2. Because the Appeals Council adopted the ALJ's reasoning, the Court will examine the ALJ's opinion's findings, recognizing the Appeals Council's decision serves as the final decision. *See* AR 4.

reweigh the evidence nor substitute [its] judgment for that of the agency."
*Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

## B.   Issues for judicial review.

Plaintiff challenges the ALJ's credibility analysis.  First, he maintains the ALJ erred in relying on his failure to seek medical treatment.  *See* Doc. 14, at 3-7.   Second, he argues the ALJ "overstated" Plaintiff's activities of daily living.  *See id.* at 7-10.

## C.   Applicable law.

Although the SSA has eliminated the use of the term "credibility" from the agency's sub-regulatory policy, the agency continues to evaluate a disability claimant's symptoms using a two-step process:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain.  Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult . . . .

SSR 16-3p, 2017 WL 5180304, at *3.   The two-step process substantially restates the prior two-step process set forth in SSR 96-7, which the Tenth Circuit characterized as a three-step process set forth in *Luna v. Bowen*, 834

F.2d 161, 163-64 (10th Cir. 1987).  *See, e.g., Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012).

At step one of the process, "[a]n individual's symptoms, . . . will not be found to affect the ability to perform work-related activities for an adult . . . unless medical signs or laboratory findings show a medically determinable impairment is present."  SSR 16-3p, 2017 WL 5180304, at *3.  At step two, the ALJ may consider, among other things, a number of factors in assessing a claimant's credibility, including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks and citations omitted); *see* 20 C.F.R. § 416.929(c)(3).

The Court is not to disturb an ALJ's credibility findings if they are supported by substantial evidence because "'[c]redibility determinations are peculiarly the province of the finder of fact.'"  *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Kepler*, 68 F.3d at 391).  However, credibility findings "'should be closely and affirmatively linked to substantial evidence

and not just a conclusion in the guise of findings.'" *Id.* (citations omitted).  An

ALJ need not conduct a "formalistic factor-by-factor recitation of the

evidence[,]" but he must set forth the specific evidence upon which he

relied.  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

### D.   Analysis.

### 1.   Plaintiff's attempt to seek medical treatment.

The ALJ found that Plaintiff's

> medically determinable impairments could reasonably be expected
> to cause some of the alleged symptoms; however [Plaintiff's]
> statements concerning the intensity, persistence and limiting
> effects of these symptoms are not entirely consistent with the
> medical evidence and other evidence in the record for the reasons
> explained in this decision.

AR 32.  In discounting Plaintiff's consistency, the ALJ pointed to Plaintiff's

activities of daily living, which suggest Plaintiff is less limited as expected,

based on his subjective complaints.  *Id.* at 32-33.  The ALJ also pointed to the

objective medical evidence, which gives "a more accurate longitudinal history.

. . ."  *Id.* at 33.  He also mentioned Plaintiff's "alleged [] inability to afford

medical treatment. . . ."  *Id.*  He stated Plaintiff "did not seek no-cost treatment

alternatives, such as treatment at a public health clinic."  *Id.*  Further, "[t]he

evidence does not reflect that [Plaintiff] attempted to avail himself of free or

8

reduced cost medical insurance or medical care available to him in the community." *Id.*

Plaintiff testified the nearby free clinic he visited "wasn't free" and charged him $155.00. *Id.* at 55, 58. Other free medical clinics he knew of were "quite a ways from" where he lived, and "everybody's tried to get me to go to them." *Id.* at 57-58. He stated he would need someone to take him to a doctor's appointment. *Id.* at 55.

Though the ALJ may consider the extent of medical treatment Plaintiff has received, the ALJ cannot draw any inferences about Plaintiff's failure to seek medical treatment without considering his explanation, which includes his inability to afford it, and his lack of access to free or low-cost medical service. SSR 16-3p, 2017 WL 5180304, at *8, *10. The ALJ's statement regarding Plaintiff not "avail[ing] himself" to free or low-cost medical treatment suggests he may have taken a negative inference from Plaintiff's actions.

The Commissioner argues Plaintiff "makes dubious technical arguments that aim to undercut the ALJ's well-supported RFC finding." Doc. 20, at 14; *see also id.* at 11 ("The Court should not accept Plaintiff's suggestion that the Court should find that a small part of the ALJ's decision, which the

Commissioner does not concede, nullifies the remainder of an otherwise affirmable decision."). The Court agrees this possible negative inference alone does not mandate reversal.

### 2.    Activities of daily living.

As to activities of daily living, the ALJ noted Plaintiff's "described daily activities . . . are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." AR 32. Plaintiff "visits with family and his neighbor frequently, enjoys shopping at Walmart, and lives alone independently." *Id.* at 32-33. Elsewhere in his decision, the ALJ noted Plaintiff socializes with family daily and gets along with family, friends, and neighbors. *Id.* at 28. He stated he feels "crazy" or "weird" around other people. *Id.* His mother reminds him to shower, but he takes medication without reminders. *Id.* He can follow instructions "ok." *Id.* He is "able to dress, bath[e], groom himself, and toilet, albeit with some difficulty due to pain and body habitus." *Id.* He uses a shower chair, prepares simple meals, and gets help in house cleaning. *Id.* He goes outside three times week, can go out alone, drives, shops once a week, and can handle his finances. *Id.* The ALJ found these latter abilities consistent with the record. *Id.* The ALJ also noted Plaintiff reported he needs an assistive device to walk. *Id.* at 30. The ALJ stated Plaintiff "endorsed hobbies of stamp collecting and tending cows." *Id.*

Plaintiff argues the ALJ "overstated and misrepresented" his activities of daily living.  Doc. 14, at 8.  He argues he has significant difficulties cleaning himself after using the restroom, needing a shower for cleansing.  *Id.* at 8-9 (citing AR 242).  As to his "hobby" of tending cows, the Court agrees the ALJ overstated Plaintiff's ability.  Plaintiff stated he merely watched cows and cannot take care of them anymore.  *Id.* at 9 (citing AR 245).  As for shopping at Walmart, such trips include Plaintiff's riding in a cart for mobility assistance.  *Id.* at 10 (citing AR 264).

In considering the opinion evidence, the ALJ gave great weight to the state agency medical consultants' 2016 opinions regarding his physical capabilities.  AR 32.  With respect to the state agency psychological consultants' opinions, the ALJ gave these opinions some weight.  The ALJ found these opinions' restrictions on social functioning and adaptation were "well supported with specific references to medical  evidence."  *Id.*  These opinions also found Plaintiff could perform some complex tasks, and the ALJ disagreed, finding this inconsistent with the record as a whole.  *Id.*  He gave that conclusion little weight and assessed greater restrictions in the RFC.  *Id.* at 29, 32.

While the Court is concerned about the ALJ's reliance on Plaintiff's failure to seek free medical care and the ALJ's overstatements regarding some specific activities of daily living, it concludes that substantial evidence supports the balance of the ALJ's credibility analysis. *See Branum v. Barnhart,* 385 F.3d 1268, 1274 (10th Cir. 2004) ("While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record."). The ALJ considered the longitudinal medical evidence of record and adequately accounted for Plaintiff's physical and mental abilities and limitations in the RFC. AR 29-32. The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005).

## III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 4th day of June, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE